IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3179-FL

| | | |
|---|---|---|
| DANIEL H. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ATTORNEY GENERAL ERIC HOLDER, | ) | |
| KATHLEEN SIBILEUS, CHARLES E. | ) | |
| SAMUELS, JR., and JUSTIN ANDREWS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss (DE 16) pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the court is plaintiff's motion to amend (DE 15). The issues raised were fully briefed, and are ripe for adjudication. For the following reasons, the court grants plaintiff's motion to amend, and dismisses plaintiff's amended claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court also grants defendants' motion to dismiss.

**STATEMENT OF THE CASE**

On September 25, 2012, plaintiff was committed to the custody of the United States Attorney General as a sexually dangerous person pursuant to 18 U.S.C. § 4248(d) and is confined in the Maryland unit at the Federal Correctional Complex in Butner, North Carolina ("Butner"). United States v. King, No. 5:10-HC-2009-FL (E.D.N.C. Sept. 25, 2012). On July 29, 2013, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against defendants Attorney General Eric Holder ("Holder"), Secretary of

1

Health and Human Services Kathleen Sibileus ("Sibileus"), Federal Bureau of Prisons ("BOP") Director Charles E. Samuels, Jr. ("Samuels"), and Warden Justin Andrews ("Andrews"). Plaintiff alleges the following claims pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution challenging both his placement in and regulations pertaining to the BOP's Commitment and Treatment Program ("CTP"): (1) his placement in the CTP program effectively extends his criminal sentence; (2) he is being subjected to BOP guidelines, as well as the Zimmer Amendment, which are intended to punish;[1] (3) defendant Sibileus failed to consult with defendant Holder regarding the establishment of standards and the general implementation of 18 U.S.C. §§ 4247, 4248; (4) defendant Andrews allowed his treatment staff to implement a treatment program that does not meet the standard of 42 C.F.R. §§ 482.13-483.25, and (5) defendant Sibileus has not reviewed the current treatment facilities for civil committees. Plaintiff also brings due process claims in relation to the CTP's correspondence restrictions, telephone restrictions, housing searches,[2] and alleged improperly trained staff.

On December 23, 2013, plaintiff filed a motion to amend his complaint to include conditions of confinement claims which arose while plaintiff was incarcerated within the custody of the Wake County Sheriff's Department. In particular, plaintiff alleges that he was placed in holding cells with general population inmates, was not fed appropriately or at all, and was not given prescribed medications which were transported with plaintiff from Butner. The motion was fully briefed.

---

[1] The Zimmer Amendment prohibits using funds "to provide [certain] amenities or personal comforts in the Federal prison system," including in-cell televisions, coffee pots, and hot plates, "the viewing of R, X, and NC-17 rated movies," any training or equipment for certain sports and bodybuilding, and "any electric or electronic musical instrument." Pub. L. No. 104-208, § 611, 110 Stat. 3009; see Kimberlin v. U.S. Dep't of Justice, 318 F.3d 228, 230–31 (D.C. Cir. 2003) (per curiam).

[2] Plaintiff also brings this claim pursuant to the Fourth Amendment to the United States Constitution.

On January 6, 2014, defendants filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed.

**DISCUSSION**

A.  Motion to Amend

Plaintiff filed a motion to amend his complaint to add claims against the existing BOP defendants arising out of plaintiff's confinement at the Wake County Detention Center. A party may amend his pleading once as a matter of right, prior to the filing of a responsive pleading. Otherwise, a party may amend the party's pleading only by leave of court and leave shall be given when justice so requires. Fed. R. Civ. P. 15(a). No responsive pleading had been filed at the time plaintiff filed his motion to amend. Therefore, plaintiff's motion to amend is GRANTED. Accordingly, the court now conducts a frivolity review of plaintiff's amended complaint.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of

3

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a Bivens plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978).

Here, plaintiff attempts to hold the BOP defendants liable for conduct which occurred while plaintiff was incarcerated at the Wake County Detention Center, which included alleged co-mingling with other inmates, inadequate food, and failure to provide prescribed medication. Plaintiff, however, has not alleged that any named defendant had any personal involvement with the alleged constitutional violations which occurred at the detention center. Rather, plaintiff attempts to hold the instant BOP defendants liable pursuant to a theory of respondeat superior, which is insufficient to state a Bivens claim. Ashcroft, 556 U.S. at 676; Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *7 (4th Cir. July 3, 2014) ("[G]overnment officials cannot be held liable in a Bivens case under a theory of respondeat superior for the actions of their subordinates.") Thus, the court DISMISSES without prejudice the new claims asserted in plaintiff's amended complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

4

B.  Motion to Dismiss

   1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 677 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

   2.  Analysis

Plaintiff alleges that the conditions of his confinement violate his constitutional rights. A civil detainee's challenge to conditions of confinement arises under the Due Process Clause of the Fifth Amendment to the United States Constitution. Hicks v. James, 255 F. App'x 744, 748 (4th Cir. Nov. 28, 2007). The Fifth Amendment generally prohibits civilly committed persons from being subjected to punitive confinement conditions. See Youngberg v. Romeo, 457 U.S. 307, 321-322 (1982); Bell v. Wolfish, 441 U.S. 520, 535-536 (1979). To establish a conditions of confinement

5

claim pursuant to the Fifth Amendment, a civil detainee must show either (1) an expressed intent to punish; or (2) lack of a reasonable relationship to a legitimate non-punitive governmental objective, from which a punitive intent may be inferred. Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). a. Commitment and Treatment Program

Plaintiff alleges that his confinement in a federal prison as a civil committee violates his due process rights because it effectively extends his criminal sentence and is designed to provide punishment and not treatment. Section 4248 provides for the civil commitment of "sexually dangerous person[s] in federal custody for care and treatment, following the expiration of their federal prison sentences." 18 U.S.C. § 4248(a); see also Timms v. Johns, 627 F.3d 525, 526 (4th Cir. 2010). The United States Supreme Court has determined that the statutory scheme set forth in § 4248 is constitutional, and comports with due process. See United States v. Comstock, 560 U.S. 126, 149 (2010). Further, to the extent plaintiff argues that § 4248 is criminal rather than civil in nature, the Fourth Circuit Court of Appeals has ruled that § 4248 commitment actions are civil proceedings. See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012), see also, Allison v. Snyder, 332 F.3d 1076, 1079–1081 (7th Cir. 2003) (holding the placement of persons civilly confined under the Illinois Sexually Dangerous Persons Act in sex offender group therapy program did not violate due process). Based upon the foregoing, this claim is DISMISSED for failure to state a claim.

The court next addresses plaintiff's claim that he is subject to the exact same conditions of confinement, including the Zimmer Amendment, as federal inmates serving a criminal sentence in violation of his due process rights. Plaintiff states that these conditions are intended to punish and not to provide the required treatment for which he was committed. Plaintiff is correct in that

6

"[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321–22. However, a committee still may be subject to conditions within the bounds of professional discretion that place restrictions on his personal freedoms, including the Zimmer Amendment. Id.; see Allison, 332 F.3d at 1079 ("[P]lacement [of a civil detainee] in a prison, subject to the institution's usual rules of conduct, [does not per se] signify punishment ...."); see also, Timms v. Johns, No. 5:10–CT–3210–BO, 2013 WL 6577379, at *4 (E.D.N.C. Dec. 13, 2013) ("[C]ivil detainees are subject to the same security policies as those used at correctional facilities."), aff'd, No. 14-6070, 2014 WL 2579929 (4th Cir. June 10, 2014). Moreover, plaintiff has not asserted how the general application of BOP policies violates his due process rights. Thus, this claim is DISMISSED without prejudice.

The court now turns to plaintiff's claim that defendant Andrews assigns BOP employees, who are not properly trained in mental health care and treatment, to work in the Maryland unit. In support of this claim, plaintiff alleges that "[t]he CTP program only has correctional officers, when treatment staff has departed for the day. The CTP program does have 4 Psychologists who conduct treatment groups and 1 MA/LPC (social worker) who also conducts treatment groups. All these staff members are employees of the BOP." (Pl.'s Resp. (DE 22) p. 4.)

With these allegations, plaintiff does not dispute the fact that he is receiving mental health treatment. Rather, plaintiff contests the fact that the mental health treatment staff are employed by the BOP and that correctional officers, and not mental health staff, are present after hours. However, the commingling of mental health staff with BOP employees does not violate plaintiff's constitutional rights because plaintiff's detention pursuant to § 4248 is constitutional regardless of

7

the whether he receives mental health treatment. Kansas v. Hendricks, 521 U.S. 346, 366 (1997); see Comstock, 560 U.S. at 131 (noting that pursuant to 18 U.S.C. § 4248(d), "[c]onfinement in the federal facility will last until . . . the person's mental condition improves to the point where he is no longer dangerous (with or without appropriate ongoing treatment)" or until a state assumes custody). Additionally, this court previously has determined, in another proceeding in this district, that similar conditions are constitutional. See Timms v. Hernandez, No. 5:13-CT-3285-D, p. 4 (E.D.N.C. July 18, 2014). Based upon the foregoing, plaintiff fails to state a claim upon which relief may be granted.

Finally, the court addresses plaintiff's claims that defendant Sibileus failed to comply with the statutory requirements set forth in §§ 4247 and 4248, defendant Sibileus has not reviewed the current treatment facilities for civil committees, and defendant Andrews allowed treatment staff to implement an inadequate treatment plan which does not comply with 42 C.F.R. §§ 482.13-483.25. Plaintiff, in his response to defendants' motion to dismiss, also alleges that he is subject to restricted and limited recreational access and activities, and disciplinary procedures created and designed to punish criminals. Plaintiff failed to provide any facts to support these claims. Thus, these claims are DISMISSED without prejudice. See White v. White, 886 F.2d 721, 723 (4th Cir.1989) (finding that there is a minimum level of factual support required to state a constitutional claim).

    b.   Correspondence Restrictions

Plaintiff contests the BOP's policy of requiring civil detainees to submit their mail unsealed and the BOP's policy that an inmate be present when incoming mail is received and inspected. Civil detainees have a First Amendment right of free speech and to send and receive mail. Hudson v. Palmer, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution

8

impose limitations on constitutional rights, including those derived from the First Amendment." Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 125 (1977). Restrictions on an inmate's constitutional rights are valid "if [they are] reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

BOP policy provides that "outgoing mail from a pretrial inmate may not be sealed by the inmate and may be inspected by staff." 28 C.F.R. § 540.14(b). This policy is intended "to provide for the continued efficient and secure operation of the institution and to protect the public." 61 Fed. Reg. 64954-01. The BOP applies this policy to civil detainees because they pose a certain degree of flight risk, and "the unsettled nature of their status may lead to misuse of the correspondence privilege." Id. The court finds that the BOP's policy regarding outgoing mail is reasonably related to legitimate penological interests. See Smith v. Delo, 995 F.2d 827, 830-831 (8th Cir. 1993) (policy requiring non-privileged mail to be unsealed so that it could be inspected for contraband and proper addressing did not violate the constitution); see, e.g., Weatherspoon v. Ferguson, No. 09-60964, 2010 WL 4068762, at *2 (5th Cir. Sept. 24, 2010).

Turning to the BOP's regulations governing incoming mail, BOP regulation and policy provides that "[i]nstitution staff shall open and inspect all incoming general correspondence." 28 C.F.R. § 540.14. The BOP monitors incoming mail "to maintain security or monitor a particular problem confronting an inmate." (Id.) The BOP's regulation regarding the inspection of incoming mail is reasonably related to legitimate penological interests. See Altizer v. Deeds, 191 F.3d 540, 547–49 (4th Cir. 1999) (opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interest, and is therefore constitutional); see also Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.1986) (upholding against First Amendment challenges regulations that authorize

9

prison officials to inspect incoming or outgoing non-legal mail for contraband); see also, Ray v. Metts, No. 4:04–23048–TLW–TER, 2009 WL 2983008, at *6–9 (D.S.C. Sept.14, 2009) (finding detention center's policy constitutional where all mail to prisoners was opened and inspected for contraband and incoming legal mail was opened in the prisoner's presence), aff'd, 376 F. App'x 355 (4th Cir. 2010). Because the court has determined that the BOP's regulations regarding outgoing and incoming mail are reasonably related to legitimate penological interests, the court finds that plaintiff failed to state a claim upon which relief may be granted. See, e.g., Ballard v. Johns, No. 5:11-CT-3042-H, 2014 WL 1285728, at *7 (E.D.N.C. Mar. 27, 2014) ("Courts have repeatedly upheld institutional rules concerning mail restrictions for civilly committee sexually dangerous persons.") (citation omitted), aff'd, No. 14-6515, 2014 WL 3720190 (4th Cir. July 29, 2014)

    c.    Telephone Restrictions

Plaintiff next asserts that defendant Andrews violated his constitutional rights because Andrews permitted his staff to listen to and record plaintiff's telephone conversations. In the civil commitment context, courts have repeatedly upheld institutional rules concerning restrictions on electronic access, including telephone use. See, e. g., Timms, 2013 WL 6577379, at *6 (citing Rivera v. Rogers, 224 F. App'x 148, 151 (3d Cir. 2007); Graham v. Main, No. 10–5027(SRC), 2011 WL 2412998, at *13–14 (D.N.J. June 9, 2011); Burch v. Jordan, No. 07-3236, 2010 WL 5391569, at *21 (D. Kan. Dec. 22, 2010); Semler v. Ludeman, No. 09-0732, 2010 WL 145275, at *9–l6 (D. Minn. Jan. 8, 2010)). Thus, plaintiff fails to state a claim upon which relief may be granted.

    d.    Housing Searches

Plaintiff claims that defendant Andrews violated his Fifth Amendment rights to due process and his Fourth Amendment right to be free from unreasonable searches and seizures by directing his

staff to search plaintiff's cell and seize plaintiff's property including books, magazines, personal writings, and family photos. Plaintiff states that defendant Andrews explained to plaintiff that the items were seized because they were not authorized or suitable for a civil committee.

Here, plaintiff does not provide any factual support for his Fourth or Fifth Amendment claims. Nor does he allege that any person, including defendant Anderson, violated BOP policy by conducting such searches, or that the BOP did not use its professional judgment in applying its search policy to civil detainees. Rather, plaintiff appears to express a general dissatisfaction with the application of the BOP's policies to CTP inmates, which does not state a constitutional claim. See Ballard, 2014 WL 1285728, at *7 ("Courts have generally upheld policies that subject civilly committed sexually dangerous persons to random cell searches for both security and rehabilitation purposes.") (citation omitted).

Finally, plaintiff, in his response to defendants' motion for summary judgment, raises for the first time the general allegation that he is subject to strip searches. Plaintiff, again, does not allege that defendant Anderson, or any other defendant, violated BOP policy by conducting such searches, or that the BOP did not use its professional judgment in applying its search policy to civil detainees. Nor does plaintiff provide any additional factual support for this claim. Thus, this claim too is dismissed without prejudice for failure to state a claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE 15) is GRANTED, but plaintiff's amended claims are dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Defendants' motion to dismiss (DE 16) is GRANTED. Because the court dismisses plaintiff's action for failure to state a claim upon which relief may be granted, the court

does not reach the issue of qualified immunity. The Clerk of Court is DIRECTED to close this case.

    SO ORDERED, this the 22nd day of September, 2014.

                                              LOUISE W. FLANAGAN
                                              United States District Judge

12

Case 5:13-ct-03179-FL   Document 24   Filed 09/22/14   Page 12 of 12